# UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UMG RECORDINGS, INC.; CAPITOL RECORDS, LLC; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA MUSIC; PROVIDENT LABEL GROUP LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; AND WARNER MUSIC LATINA INC.,

Case No. _6:14-CV-2045-ORL-37-TBS_

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

        Plaintiffs,

v.

NARUSS MAHAKKAPONG (a/k/a BOB JOE and d/b/a FOREVER AND A DAY and FOREVER AND A DAY NORTH AMERICA); SAMORNSRI MAHAKKAPONG (a/k/a NUCHIE JOE and d/b/a FOREVER AND A DAY and FOREVER AND A DAY NORTH AMERICA); FOREVER AND A DAY (d/b/a FOREVER AND A DAY NORTH AMERICA); BRADLEY DEHAVEN (d/b/a DEHAVEN ENTERPRISES); KIM DEHAVEN (d/b/a DEHAVEN ENTERPRISES); MOTIVISION MEDIA, LLC (d/b/a TEAM ONE); LUIS CHAVEZ; MARIA CHAVEZ; FRANCISCO BAZAN (a/k/a PACO BAZAN); GEOVANA BAZAN; VISION GLOBAL, LLC; PRUTSANAI MAHAKKAPONG (a/k/a PATRICK MAHAKKAPONG and PATRICK JOE); RAMANYA CHUDATAMEE (a/k/a JOYCE JOE); BRAVEBERRY LLC (d/b/a BRAVEBERRY GLOBAL); and DOES 1 through 20, inclusive,

        Defendants.

_____/

**FILED**

2014 DEC 12  PM 2:33

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Arista Music, Provident Label Group LLC, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., and Warner Music Latina Inc., for their Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

2.      This case involves Defendants' systematic and widespread infringement and commercial appropriation of Plaintiffs' rights in their valuable and protected sound recordings. The infringed recordings include those of some of the most popular recording artists in history, including Eminem, Michael Jackson, Jay-Z, Gloria Estefan, the Red Hot Chili Peppers, and the Black Eyed Peas, and iconic works such as "Empire State of Mind," "It's My Life," and "The Final Countdown."

3.      Defendants function as high-level "distributors" of products for the massive, multi-level marketing empire known as "Amway," and own, manage, and profit from businesses offering so-called Amway "business support materials."  Without authorization, Defendants and their organizations routinely used Plaintiffs' sound recordings in marketing and promotional videos, effectively creating *commercials* for their goods and services.  These infringing videos form an integral part of an online marketing and social media strategy that has helped Defendants grow their own Amway-related businesses and has helped the Amway empire grow its annual revenues to $11.8 billion in 2013.

4.      To date, and without the benefit of discovery, Plaintiffs have identified at least 51 different sound recordings that Defendants (or those acting under their supervision and control and/or with their knowledge and material contribution) have unlawfully copied, synchronized with video content, uploaded to the Internet, distributed, and/or publicly performed.  The

2

infringing videos were uploaded by Defendants or by others operating under their supervision and control (often in multiple copies and by multiple individuals) to accounts maintained on public websites such as YouTube, Vimeo, Viddler, and Dailymotion, as well as to commercial websites affiliated with Defendants. The infringing videos were then made available and publicly performed over the Internet hundreds of thousands, if not millions of times, including to residents in the State of Florida. Many of the infringing videos also were made available for download (*i.e.*, distribution and copying). Certain of the videos were publicly performed at large Amway or Amway-related conventions, seminars, and conferences, while others were created for promotional and/or commemorative purposes in connection with such events.

5.     Plaintiffs never authorized or consented to the commercial use of their valuable sound recordings in the infringing videos. Defendants never sought licenses to use Plaintiffs' sound recordings. Defendants, and those under their supervision and control, or acting with their material contribution and knowledge, simply misappropriated Plaintiffs' copyrighted works and used them to promote Defendants' Amway-related businesses, to market and sell Amway products, and to reap financial benefits from recruitment of new Amway distributors and from the substantial bonuses and "incentives" lavished by Amway upon its high-level distributors. (Amway claims to have awarded more than *$4 billion* worth of such bonuses and incentives to its distributors in 2013 alone.)

6.     In many instances, Defendants directly participated in the infringing conduct. Where Defendants have not infringed directly, they materially contributed to the infringement with knowledge or reason to know of the infringing activities, and failed to exercise their legal and practical right and ability to supervise and control the infringement, from which they have reaped enormous financial benefit.

3

## PLAINTIFFS AND THEIR SOUND RECORDINGS

**Plaintiffs**

7.      Plaintiffs are the four major record companies and their affiliated entities, which collectively own or control rights to the vast majority of valuable sound recordings sold, distributed, and licensed in the United States.  These sound recordings are the result of investment of time, money, and creative effort and are the lifeblood of Plaintiffs' business. Plaintiffs negotiate and license to others the right to, among other things, incorporate their sound recordings in videos used for commercial purposes.

8.      **UMG.**  Plaintiff UMG Recordings, Inc. ("UMG") is a corporation duly organized and existing under the laws of the State of Delaware.

9.      **Capitol.**  Plaintiff Capitol Records, LLC ("Capitol") is a Delaware limited liability company.

10.      **Sony.**  Plaintiff Sony Music Entertainment ("Sony") is a partnership duly organized and existing under the laws of the State of Delaware.

11.      Plaintiff Sony Music Entertainment US Latin LLC ("Sony Latin") is a limited liability company owned by Sony, duly organized and existing under the laws of the State of Delaware.

12.      Plaintiff Arista Music ("Arista") is a partnership owned by Sony, duly organized and existing under the laws of the State of New York.

13.      Plaintiff Provident Label Group LLC ("Provident") is a limited liability company owned by Sony, duly organized and existing under the laws of the State of Delaware.

14.      **Warner.**  Plaintiff Warner Bros. Records Inc. ("WB Records") is a corporation duly organized and existing under the laws of the State of Delaware, and is a wholly owned indirect subsidiary of Warner Music Group Corp. ("WMG").

15.      Plaintiff Atlantic Recording Corporation ("Atlantic") is a corporation duly organized and existing under the laws of the State of Delaware, and is a wholly owned indirect subsidiary of WMG.

16.     Plaintiff Elektra Entertainment Group, Inc. ("Elektra") is a corporation wholly owned by WMG, duly organized and existing under the laws of the State of Delaware, and is a wholly owned indirect subsidiary of WMG.

17.     Plaintiff Warner Music Latina Inc. ("Warner Music Latina") is a corporation wholly owned by WMG, duly organized and existing under the laws of the State of Delaware, and is a wholly owned indirect subsidiary of WMG.

**Sound Recordings at Issue**

18.     Plaintiffs own copyrights and/or exclusive rights under U.S. law in and to numerous valuable sound recordings (the "Copyrighted Recordings"). Exhibits 1 through 4, attached hereto and incorporated herein by this reference, are non-exhaustive, representative lists of the Plaintiffs' Copyrighted Recordings infringed directly or indirectly by Defendants. Exhibits 1 through 4 additionally identify the titles of the videos infringing the Copyrighted Recordings and their uploaders, locations, and other relevant information. Except where the Copyrighted Recordings are exempt from registration requirements as non-"United States works," Plaintiffs have obtained or applied for Certificates of Copyright Registration in each of the Copyrighted Recordings identified in Exhibits 1 through 4.

## DEFENDANTS AND THEIR UNLAWFUL CONDUCT

**Amway "Independent Business Owners" (IBOs) and "Business Support Materials" (BSM)**

19.     Amway is a self-described, worldwide "multi-level marketing company" which claims annual revenues of nearly $12 billion. Amway's enormous revenues are dependent upon recruiting and contracting with millions of so-called Independent Business Owners or "IBOs." IBOs pay Amway membership fees that give them the "right" to purchase Amway products, ostensibly for resale, and to recruit other IBOs to purchase, market, and sell Amway products. In Amway's terminology, higher-level IBOs are "upline" to the sponsored IBOs beneath them, who

constitute their "downlines" in a strictly defined, pyramid-like hierarchy. Such a line of IBOs is referred to within the Amway empire as a "Line of Sponsorship."

20.     An Amway IBO who recruits a new re-seller receives "bonuses" based on the sales of that recruit, as does the IBO who recruited the recruiter, and so on up through the official Amway Lines of Sponsorship. These Amway Lines of Sponsorship are supervised and controlled by the higher-level IBOs, are rigorously protected, and bring great wealth to those occupying the highest levels, including Defendants in this action. High-level Amway IBOs, including on information and belief Defendants, regularly also receive other, "discretionary" awards from Amway consisting of substantial cash payments and travel.

21.     IBOs rely on "tools" or "business support materials" ("BSM") to build their businesses by recruiting prospects (*i.e.*, new IBOs) and to educate, motivate, and train IBOs to succeed in recruiting others. Amway defines BSM as all products and services, ***including*** the infringing videos here, that are "designed to solicit or educate Prospects, Customers, or prospective Customers of Amway products or services … or to support, train, motivate, and/or educate IBOs," that use Amway's trademarks and/or copyrighted materials, or that are "otherwise offered with an explicit or implied sense of affiliation, connection, or association with Amway." The Amway-affiliated official association of IBOs in North America (which all IBOs must join upon registering) instructs that any time a video is "used by an IBO with other IBOs, Prospects or Customers, it will be characterized as intended for ***commercial purposes*** in the IBO's Amway business" (emphasis added).

22.     In their contracts with Amway, all IBOs consent to detailed "Rules of Conduct," which contain multiple provisions concerning BSM and provide that IBOs are contractually responsible to supervise their downlines. Under the Rules of Conduct, IBOs are obligated to train and motivate their downline IBOs or, alternatively, to compensate an IBO up the chain who is at the "Platinum" level or above to perform such training and motivation. Amway tasks IBOs designated as "Platinum" or above with supervising the activities of downline IBOs, including by maintaining frequent contact with them and enforcing compliance with Amway's Rules of

Conduct, which only permit IBOs to distribute BSM (*e.g.*, promotional videos) if the materials comply with Amway's detailed "Quality Assurance Standards" (which claim to require licensing of any third-party sound recordings), submit the materials to Amway for review, **and** receive Amway's prior approval.

23.     All of the individual Defendants named in this action are Amway IBOs who, on information and belief, have achieved the level of "Diamond" or higher in the Amway organization – which according to Amway is several steps **above** "Platinum" and is attained only by a tiny minority of IBOs.

24.     These IBO Defendants have been obligated to control and supervise their downline IBOs, including with regard to the creation of BSM and the use of music in Amway-related videos.  In many instances, the IBO Defendants directly infringed Plaintiffs' sound recordings.  In other instances, the IBO Defendants knowingly contributed to and/or failed to exercise their legal and practical control over the infringing activities of their downline IBOs with respect to Plaintiffs' sound recordings and, along with Amway, have reaped the financial benefits of these infringements.

**Amway's "BSM Suppliers" and "Approved Providers"**

25.     Amway-related BSM is sold to IBOs for profit and otherwise disseminated by large organizations that typically are founded and led by high-level IBOs ("BSM Suppliers").  Such Amway-related BSM also is distributed and performed at Amway conferences and IBO-sponsored events designed to attract and recruit new IBOs and motivate existing IBOs.  On information and belief, Amway, BSM Suppliers, and IBOs sell tickets to and profit from these events.

26.     On information and belief, Defendants Forever and a Day (d/b/a Forever and a Day North America), MotiVision Media, LLC (d/b/a Team ONE), Vision Global, LLC, and Braveberry LLC (d/b/a/ Braveberry Global) are BSM Suppliers (the "BSM Supplier Defendants").  On information and belief, the individual Defendants in this action are high-level

7

IBOs who are the owners, operators, and leaders of their respective BSM Suppliers, which they direct and control and of which they are the ultimate decision makers. For example, on information and belief, Defendants Naruss and Samornsri MaHakkapong direct, control, and lead the BSM Supplier known as Forever and a Day, while Defendants Bradley and Kim DeHaven direct, control, and lead the BSM Supplier known as Team ONE.

27.     BSM and BSM Supplier organizations play an important role in the Amway empire. As a result, in addition to Amway's official "Lines of Sponsorship," many IBOs also choose to associate with a specific BSM Supplier through a similar vertical relationship known as a "Line of Affiliation," and thus effectively become "members" or "downlines" within a particular BSM Supplier organization. On information and belief, IBOs typically affiliate themselves with the BSM Supplier led by the highest-level and most prominent IBOs within their Line of Sponsorship. For instance, a downline IBO in the Line of Sponsorship of Naruss and Samornsri MaHakkapong will typically choose to become affiliated with the Forever and a Day organization, referred to as a "global family," while a downline IBO in the DeHaven Line of Sponsorship will typically choose to become affiliated with the Team ONE organization. BSM Suppliers provide their affiliated IBOs with training, education, and support, including by providing mentorship and oversight of IBO activities.

28.     In at least several cases, the BSM Supplier Defendants here have been accredited by Amway as "Approved Providers" of BSM, which connotes an official "seal of approval" given by Amway to certain BSM Suppliers after what it claims is an intensive application and auditing process, through a program administered in connection with its department of BSM Administration and its department of Global Conduct and Rules. Among other things, Approved Providers enter into contracts with Amway requiring them to supervise their affiliated downline IBOs and maintain high quality standards within their organizations, to offer various kinds of training to their affiliated IBOs, and to abide by Amway's Rules of Conduct. On information and belief, Approved Providers also enter into contracts with affiliated IBOs requiring them to be bound by various terms and conditions, including regulations regarding the creation and use of

8

BSM.  On information and belief, regardless of whether they are Approved Providers or not, all

of the BSM Supplier Defendants are obligated under Amway's Rules of Conduct and other

applicable regulations to supervise and control the activities of their affiliated IBOs, and all

possess the right and ability to do so, including by virtue of their relationships with affiliated

IBOs and contracts that require affiliated IBOs to cooperate with them (and with Amway)

regarding the monitoring and use of BSM and that provide for termination of IBOs at the BSM

Supplier's discretion.

29.     The BSM Supplier Defendants, together with the individual Defendants who own

and control them, directly infringed Plaintiffs' sound recordings, materially contributed to

infringement despite knowledge or reason to know of the infringing activities, and/or directly

profited from failing or refraining to exercise their right and ability to control their downline

infringers.


**The Infringing Videos**

30.     Collectively, Defendants unlawfully copied, synchronized, adapted, uploaded to

the Internet, distributed, and publicly performed at least 51 of Plaintiffs' Copyrighted Recordings

in at least 84 separately uploaded videos, or are secondarily liable for these acts by others in their

downlines and/or BSM Supplier organizations.  Plaintiffs' music provides the "soundtrack" of

these infringing videos.  Thus, the music frequently was selected specifically for its relation to a

video's content and to evoke an emotional and motivating response.  The recordings generally

are performed prominently (not as background music) throughout the videos and include all or a

substantial and important part of the recordings.  The music often is the only audio portion of the

video, is readily recognizable to the target audience, misleadingly associates Plaintiffs and their

recording artists with Defendants and Amway, and is key to getting, retaining, and motivating a

large audience.  At times there are several different infringing recordings in a single video.

31.     The videos all have the commercial purpose to benefit Defendants financially and

to increase Defendants' business.  They are designed to:

9

a)     market Amway products, as commercials or brand marketing for one or more Amway products, and/or generally promote the Amway business;

b)     train and motivate downline IBOs by communicating the Amway business strategy (or "Plan") and providing motivational training and instruction;

c)     depict the purportedly luxurious lifestyle of Amway IBOs;

d)     recruit new IBOs to join an Amway Line of Sponsorship or Amway-associated BSM Supplier organization;

e)     promote upcoming Amway or Amway BSM Supplier events such as large conventions and conferences;

f)     "highlight" past Amway and/or BSM Supplier events, focusing on the opportunities for networking, training, and entertainment experienced by those who attended; and

g)     celebrate the advancement of IBOs within the Amway hierarchy and motivate others to aspire to the same status.

32.     Defendants do not pay for the right to use Plaintiffs' sound recordings, and otherwise derive a direct financial benefit from the infringing videos, including from the flow of monies derived from new recruits who become downline IBOs and sales of Amway products (including "bonuses" and other "incentives" paid by Amway), from sales of BSM, and from monies, in which Defendants share, paid to attend conventions and conferences, as well as from the "draw" of infringing music to the organizations and events of Amway, IBOs, and BSM Suppliers.

33.     Where they are not the direct infringers, Defendants additionally have contributed to the infringing videos, including by providing the sites, facilities, training, and support systems that have enabled them. Defendants knew or should have known of the infringing videos, because of, among other reasons, their own familiarity with and use of the Internet as a central marketing component in their Amway businesses and their close contacts with downline direct

10

infringers through Amway-related events, online social networks, and mandated training and supervision.

34.     All of the infringing videos were made available online for viewing (streaming) and/or downloading within the United States and the State of Florida on public websites, such as YouTube, and also on websites and social media accounts owned, operated, and maintained by Defendants.  In many cases, the same infringing video was uploaded by multiple entities or individuals, and many of Plaintiffs' sound recordings were infringed multiple (as many as five or more) times in different videos.  On information and belief, several of the infringing videos have been distributed in other forms not yet accessible to Plaintiffs (such as on password-protected Amway-related websites and DVDs), and have been performed at Amway or BSM Supplier events, attended by large numbers of Amway recruits and IBOs.


**The Defendant Individuals and Entities**

35.     **MaHakkapong / Forever and a Day Defendants:**  Defendants Naruss MaHakkapong (a/k/a Bob Joe and d/b/a Forever and a Day and Forever and a Day North America) and Samornsri MaHakkapong (a/k/a Nuchie Joe and d/b/a Forever and a Day and Forever and a Day North America) are, on information and belief, citizens of California residing in Irvine, California who have achieved the level of at least "Executive Diamonds" within the Amway organization.  According to a statement on Amway's official website, Naruss and Samornsri MaHakkapong are a "young and energetic couple who have found novel ways to share the Amway business with people of all ages.  They use social media, technology, *hip hop music*, and multimedia tools to talk about the business and strategies for success" (emphasis added).  On information and belief, Naruss and Samornsri MaHakkapong also are and at all relevant times have been doing business as, and/or are the alter egos of, Forever and a Day and Forever and a Day North America, and are the ultimate decision makers who have directed and controlled their operations.

11

36.     Defendant Forever and a Day (d/b/a Forever and a Day North America) is, on information and belief, a BSM Supplier based in California and Thailand, that is owned, controlled, and operated by Naruss and Samornsri MaHakkapong and/or is their alter ego.  As Forever and a Day North America, Forever and a Day operates a website located at www.foreverandaday.com.  On information and belief, Forever and a Day also has owned, controlled, and operated channels on YouTube and Vimeo disseminating numerous infringing videos promoting Naruss and Samornsri MaHakkapong's Amway-related business, which were created by and/or uploaded by Forever and a Day and/or the MaHakkapongs, including a "foreverandadayTV" YouTube channel that alone was subscribed to by more than 1,400 people. After notice was sent to Naruss MaHakkapong demanding that these infringing activities cease, these channels continued to disseminate infringing videos, including on information and belief videos changed to require a password.

37.     As detailed in Exhibit 1 hereto, Naruss MaHakkapong, Samornsri MaHakkapong, Forever and a Day (d/b/a Forever and a Day North America), and/or on information and belief, those acting under their supervision and control and to their financial benefit and/or with their knowledge and material contribution, unlawfully copied, synchronized, adapted, uploaded to the Internet, distributed, and publicly performed at least 20 of Plaintiffs' Copyrighted Recordings in at least 46 separately uploaded videos.  Among the Copyrighted Recordings infringed in these videos are the number one hits "Empire State of Mind" performed by Jay-Z and Alicia Keys, and "I Gotta Feeling" performed by the Black Eyed Peas.

38.     On information and belief, Naruss and Samornsri MaHakkapong personally participated in, made the decisions regarding, directed, controlled, and/or ratified the infringements, and/or are responsible for these acts of infringement by virtue of their personal roles and obligations as high-level Amway IBOs presiding over their "downlines" in the Amway Lines of Sponsorship and the Forever and a Day organization.  Both have appeared in infringing videos, and Naruss MaHakkapong has personally introduced infringing videos at conferences and linked to them from his personal social media accounts.

12

39.     On information and belief, several of these videos have been regularly performed at large conferences or conventions sponsored by Forever and a Day, by Amway, or by other BSM Suppliers.  In at least one video, Naruss and Samornsri MaHakkapong are shown visiting Amway headquarters and meeting with senior Amway executives.  At least one senior Amway executive published an article on an official Amway website promoting the "Forever and a Day" business of Naruss and Samornsri MaHakkapong and linking directly to this video.

40.     On or about January 31, 2014, after several notices to Amway resulted in no action, Plaintiffs sent a notice directly to Naruss MaHakkapong and to Forever and a Day, both by e-mail and by overnight mail, detailing more than 30 instances of infringement of at least 15 of Plaintiffs' Copyrighted Recordings, and demanding that further infringement stop immediately.  However, the infringement continued.

41.     Defendants Naruss and Samornsri MaHakkapong, and Forever and a Day (d/b/a Forever and a Day North America), are collectively referred to hereinafter as the "MaHakkapong / Forever and a Day Defendants."

42.     **DeHaven / Team ONE Defendants:**  Defendants Bradley DeHaven and Kim DeHaven (d/b/a DeHaven Enterprises) are, on information and belief, Amway IBOs of at least "Diamond" level who are citizens of California residing in El Cajon, California.  On information and belief, Bradley and Kim DeHaven also are and at all relevant times have been leaders of the BSM Supplier known as Team ONE, and the ultimate decision makers of MotiVision Media, LLC (d/b/a Team ONE), and have directed and controlled their operations.  On information and belief, Bradley and/or Kim DeHaven also do business as DeHaven Enterprises.

43.     Defendant MotiVision Media, LLC (d/b/a Team ONE) is, on information and belief, a California limited liability company with its principal place of business identified as the residence of Defendants Bradley and Kim DeHaven in El Cajon, California.  Team ONE is an "Approved Provider" of Amway BSM.  Team ONE purports to be "an alliance of Amway business owners ... who've embraced the social media Age," and claims to provide "training and mentorship to grow a successful web-based business."

13

44.     As detailed in Exhibit 2 hereto, Bradley and Kim DeHaven (d/b/a DeHaven Enterprises), MotiVision Media, LLC (d/b/a Team ONE), and/or on information and belief, those acting under their supervision and control and to their financial benefit and/or with their knowledge and material contribution, unlawfully copied, synchronized, adapted, uploaded to the Internet, distributed, and publicly performed at least 16 of Plaintiffs' Copyrighted Recordings in at least 19 separately uploaded videos.  The majority of these videos were uploaded to and made available on the Team ONE website "dolifebetter.info," which is registered to Bradley DeHaven and to the organization DeHaven Enterprises.  This website states that its contents are copyrighted by MotiVision Media, LLC, and the "Contact Us" section of the website offers a message from Bradley and Kim DeHaven.

45.     Despite Plaintiffs' notices to Amway regarding the infringing videos located on the Team ONE website, Plaintiffs subsequently located further videos infringing Plaintiffs' Copyrighted Recordings affiliated with Team ONE and/or the DeHavens, including four videos promoting Team ONE and Amway that were uploaded and made available from the public website Viddler.com, under the username "dehaven1."  On information and belief, the "dehaven1" Viddler account is or was owned and maintained by Bradley DeHaven.

46.     On information and belief, Bradley and Kim DeHaven personally participated in, made the decisions regarding, directed, controlled, and/or ratified the infringements, and/or are responsible for these acts of infringement by virtue of their personal roles and obligations as high-level Amway IBOs presiding over their "downlines" in the Amway Lines of Sponsorship and the Team ONE organization.

47.     Defendants Bradley and Kim DeHaven (d/b/a DeHaven Enterprises), and MotiVision Media, LLC (d/b/a Team ONE), are collectively referred to hereinafter as the "DeHaven / Team ONE Defendants."

48.     **Vision Global Defendants:**  Defendants Francisco Bazan (a/k/a Paco Bazan) and Geovana Bazan are high-level Amway IBOs who, on information and belief, are citizens of California residing in Chula Vista, California.  On information and belief, Francisco Bazan also

14

is and at all relevant times has been, through an intermediate Nevada company, a manager and officer of Vision Global, LLC.

49.     Defendants Luis Chavez and Maria Chavez are high-level Amway IBOs who, on information and belief, reside in Arizona.  On information and belief, Luis and Maria Chavez also are and at all relevant times have been, through an intermediate Nevada company, managers and officers of Vision Global, LLC.

50.     Defendant Vision Global, LLC is, on information and belief, a Nevada limited liability company which is an accredited "Approved Provider" of Amway BSM.  Vision Global purports to provide "invaluable training, education, motivation, development, support, and socialization" to Amway IBOs.

51.     Francisco and Geovana Bazan, and Luis and Maria Chavez, are, on information and belief, and at all relevant times have been the ultimate decision makers regarding the operations of Vision Global, LLC, and they have directed and controlled its operations.

52.     As detailed in Exhibit 3 hereto, Francisco and Geovana Bazan, Luis and Maria Chavez, Vision Global, LLC, and/or on information and belief, those acting under their supervision and control and to their financial benefit and/or with their knowledge and material contribution, unlawfully copied, synchronized, adapted, uploaded to the Internet, distributed, and publicly performed at least 15 of Plaintiffs' Copyrighted Recordings in at least 13 separately uploaded videos.  On information and belief, these include infringing videos uploaded by downline IBOs supervised and controlled by Francisco and Geovana Bazan, Luis and Maria Chavez, and/or Vision Global, LLC, and videos depicting or promoting Vision Global events and featuring high-level members of the Vision Global organization, including Defendants Luis and Maria Chavez and Francisco and Geovana Bazan.

53.     On information and belief, Luis and Maria Chavez, and Francisco and Geovana Bazan, personally participated in, made the decisions regarding, directed, controlled, and/or ratified the infringements, and/or are responsible for these acts of infringement by virtue of their

15

personal roles and obligations as high-level Amway IBOs presiding over their "downlines" in the Amway Lines of Sponsorship and the Vision Global organization.

54.    Defendants Luis and Maria Chavez, Francisco and Geovana Bazan, and Vision Global, LLC are collectively referred to hereinafter as the "Vision Global Defendants."

55.    **Braveberry Defendants:**  Defendants Prutsanai MaHakkapong (a/k/a Patrick MaHakkapong and Patrick Joe) and Ramanya Chudatamee (a/k/a Joyce Joe) are, on information and belief, Amway IBOs of at least "Crown Ambassador" level – one of the highest levels attainable in Amway's worldwide system – who are citizens of California residing in Los Angeles, California.  On information and belief, Prutsanai MaHakkapong has at all relevant times been the sole managing member of Braveberry LLC and its ultimate decision maker and has, either individually or in concert with Ramanya Chudatamee, controlled the operations of Braveberry LLC.

56.    Defendant Braveberry LLC (d/b/a Braveberry Global) is, on information and belief, a Nevada limited liability company with its principal place of business and mailing address in Los Angeles, California.  On information and belief, Braveberry LLC also does business as "Braveberry Global."

57.    As detailed in Exhibit 4 hereto, Prutsanai MaHakkapong (a/k/a Patrick MaHakkapong or Patrick Joe), Ramanya Chudatamee (a/k/a Joyce Joe), Braveberry LLC (d/b/a Braveberry Global), and/or on information and belief, those acting under their supervision and control and to their financial benefit and/or with their knowledge and material contribution, unlawfully copied, synchronized, adapted, uploaded to the Internet, distributed, and publicly performed at least 4 of Plaintiffs' Copyrighted Recordings in at least 6 separately uploaded videos promoting the Braveberry organization and the Amway business of Defendants Prutsanai MaHakkapong and Ramanya Chudatamee.  These include videos featuring Defendants Prutsanai MaHakkapong and Ramanya Chudatamee and infringing Plaintiffs' recordings of well-known artists such as Eminem, Katy Perry, and Linkin Park.

16

58.     On information and belief, Prutsanai MaHakkapong and Ramanya Chudatamee personally participated in, made the decisions regarding, directed, controlled, and/or ratified the infringements, and/or are responsible for these acts of infringement by virtue of their personal roles and obligations as high-level Amway IBOs presiding over their "downlines" in the Amway Lines of Sponsorship and the Braveberry organization.

59.     Defendants Prutsanai MaHakkapong (a/k/a Patrick MaHakkapong and Patrick Joe), Ramanya Chudatamee (a/k/a Joyce Joe), and Braveberry LLC (d/b/a Braveberry Global), are collectively referred to hereinafter as the "Braveberry Defendants."

60.     **DOES 1 through 20:**  The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiffs, which sue said Defendants by such fictitious names.  If necessary, Plaintiffs will seek leave to amend this Complaint to state their true names and capacities when the same have been ascertained.  DOES 1 through 20 are liable are a result of their participation in all or some of the acts herein alleged.

## COUNT I
### Direct, Contributory, and Vicarious Copyright Infringement
### (by Plaintiffs UMG, Sony, Arista, and Atlantic against the MaHakkapong / Forever and a Day Defendants, and DOES 1 through 5)

61.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 60, inclusive.

62.     Plaintiffs UMG, Sony, Arista, and Atlantic own copyrights and/or exclusive rights in and to their Copyrighted Recordings, including but not limited to those identified in Exhibit 1, and possess the exclusive rights of reproduction, adaptation, distribution, and public performance by means of a digital audio transmission.  17 U.S.C. §§ 106 and 501.  Exhibit 1 is a non-exhaustive, representative list of infringing Amway-related videos that were created and/or uploaded by the MaHakkapong / Forever and a Day Defendants or, on information and belief,

17

that are properly attributed to the MaHakkapong / Forever and a Day Defendants' downlines or BSM organization and for which the MaHakkapong / Forever and a Day Defendants are responsible and liable.

63.     As described herein and in Exhibit 1, the MaHakkapong / Forever and a Day Defendants, and each of them, have directly and/or indirectly infringed the copyrights of said Plaintiffs in the Copyrighted Recordings, in one or more of the manners described below, including without limitation by means of infringing videos uploaded to servers located in the United States, distributed, publicly performed, and/or made available from servers located in the United States, and distributed, publicly performed, and/or made available to others residing within the United States.

64.     The MaHakkapong / Forever and a Day Defendants have reproduced, adapted, distributed, and/or publicly performed the Copyrighted Recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

65.     Alternatively or in addition, the MaHakkapong / Forever and a Day Defendants are contributorily liable to said Plaintiffs for the infringement of their copyrights in the Copyrighted Recordings. The MaHakkapong / Forever and a Day Defendants have, with actual or constructive knowledge, or willful blindness, materially contributed to unauthorized reproductions, adaptions, distributions, and/or public performances of said Copyrighted Recordings by their downline IBOs in their Amway Lines of Sponsorship, Lines of Affiliation, and/or others associated with the Forever and a Day organization or Amway, have encouraged and induced such infringing activity through the acts and conduct alleged herein, and have failed and refused to take simple measures to limit or curtail such infringing activity, such as by ceasing their own direct infringements, exercising their authority over downlines as high-level IBOs and BSM Suppliers, or discontinuing material support to direct infringers.

66.     Alternatively or in addition, the MaHakkapong / Forever and a Day Defendants are vicariously liable to said Plaintiffs for the infringements of their copyrights in the Copyrighted Recordings. The MaHakkapong / Forever and a Day Defendants had both the legal

18

and practical right and ability to supervise and control the infringing conduct of their downline
IBOs in the Amway Lines of Sponsorship, Lines of Affiliation, and/or Forever and a Day
organization, including as set forth in Amway's Rules of Conduct and BSM policies, but have
failed and refused to exercise such supervision and control to limit infringement to the extent
required by law.  As a direct and proximate result of such refusal, the downline IBOs of the
MaHakkapong / Forever and a Day Defendants, and each of them, within the Amway Lines of
Sponsorship, Lines of Affiliation, and/or the Forever and a Day organization have infringed the
copyrights in the Copyrighted Recordings, including by reproducing, adapting, distributing,
and/or publicly performing the Copyrighted Recordings.  The MaHakkapong / Forever and a
Day Defendants derive a direct financial benefit from this infringement, including but not limited
to increased recruitment of IBOs, the sale of merchandise, and the increased brand recognition
and user traffic resulting from the "draw" of Plaintiffs' Copyrighted Recordings.

67.     Each such infringement of the Copyrighted Recordings described above
constitutes a separate and distinct act of infringement.

68.     The MaHakkapong / Forever and a Day Defendants' acts of infringement were
willful, in disregard of, and with indifference to, the rights of Plaintiffs UMG, Sony, Arista, and
Atlantic.

69.     As a direct and proximate result of the infringements by the MaHakkapong /
Forever and a Day Defendants, said Plaintiffs are entitled to damages and to the profits of the
MaHakkapong / Forever and a Day Defendants, and each of them, in amounts to be proven at
trial which are not currently ascertainable.  Alternatively, said Plaintiffs are entitled to maximum
statutory damages of $150,000 for each copyright infringed (for which any one infringer is liable
individually, or for which any two or more infringers are liable jointly and severally), or in such
other amount as may be proper under 17 U.S.C. § 504(c).

70.     Plaintiffs UMG, Sony, Arista, and Atlantic are further entitled to their attorneys'
fees and full costs pursuant to 17 U.S.C. § 505.

71.     As a result of the MaHakkapong / Forever and a Day Defendants' acts and conduct, said Plaintiffs have sustained and, unless the MaHakkapong / Forever and a Day Defendants are enjoined and restrained by this Court, will sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Said Plaintiffs are entitled to an injunction enjoining further infringement of their copyrights by the MaHakkapong / Forever and a Day Defendants.

## COUNT II

### Direct, Contributory, and Vicarious Copyright Infringement

### (by Plaintiffs UMG, Capitol, Sony, Provident, WB Records, and Atlantic against the DeHaven / Team ONE Defendants, and DOES 6 through 10)

72.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 60, inclusive.

73.     Plaintiffs UMG, Capitol, Sony, Provident, WB Records, and Atlantic own copyrights and/or exclusive rights in and to their Copyrighted Recordings, including but not limited to those identified in Exhibit 2, and possess the exclusive rights of reproduction, adaptation, distribution, and public performance by means of a digital audio transmission.  17 U.S.C. §§ 106 and 501.  Exhibit 2 is a non-exhaustive, representative list of infringing Amway-related videos that were created and/or uploaded by the DeHaven / Team ONE Defendants or, on information and belief, that are properly attributed to the DeHaven / Team ONE Defendants' downlines or BSM organization and for which the DeHaven / Team ONE Defendants are responsible and liable.

74.     As described herein and in Exhibit 2, the DeHaven / Team ONE Defendants, and each of them, have directly and/or indirectly infringed the copyrights of said Plaintiffs in the Copyrighted Recordings, in one or more of the manners described below, including without limitation by means of infringing videos uploaded to servers located in the United States, distributed, publicly performed, and/or made available from servers located in the United States,

20

and distributed, publicly performed, and/or made available to others residing within the United States.

75.    The DeHaven / Team ONE Defendants have reproduced, adapted, distributed, and/or publicly performed the Copyrighted Recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

76.    Alternatively or in addition, the DeHaven / Team ONE Defendants are contributorily liable to said Plaintiffs for the infringement of their copyrights in the Copyrighted Recordings. The DeHaven / Team ONE Defendants have, with actual or constructive knowledge, or willful blindness, materially contributed to unauthorized reproductions, adaptions, distributions, and/or public performances of said Copyrighted Recordings by their downline IBOs in their Amway Lines of Sponsorship, Lines of Affiliation, and/or others associated with the Team ONE organization or Amway, have encouraged and induced such infringing activity through the acts and conduct alleged herein, and have failed and refused to take simple measures to limit or curtail such infringing activity, such as by ceasing their own direct infringements, exercising their authority over downlines as high-level IBOs and BSM Suppliers, or discontinuing material support to direct infringers.

77.    Alternatively or in addition, the DeHaven / Team ONE Defendants are vicariously liable to said Plaintiffs for the infringements of their copyrights in the Copyrighted Recordings. The DeHaven / Team ONE Defendants had both the legal and practical right and ability to supervise and control the infringing conduct of their downline IBOs in the Amway Lines of Sponsorship, Lines of Affiliation, and/or Team ONE organization, including as set forth in Amway's Rules of Conduct and BSM policies, but have failed and refused to exercise such supervision and control to limit infringement to the extent required by law. As a direct and proximate result of such refusal, the downline IBOs of the DeHaven / Team ONE Defendants, and each of them, within the Amway Lines of Sponsorship, Lines of Affiliation, and/or the Team ONE organization have infringed the copyrights in the Copyrighted Recordings, including by reproducing, adapting, distributing, and/or publicly performing the Copyrighted Recordings.

21

The DeHaven / Team ONE Defendants derive a direct financial benefit from this infringement, including but not limited to increased recruitment of IBOs, the sale of merchandise, and the increased brand recognition and user traffic resulting from the "draw" of Plaintiffs' Copyrighted Recordings.

78. Each such infringement of the Copyrighted Recordings described above constitutes a separate and distinct act of infringement.

79. The DeHaven / Team ONE Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs UMG, Capitol, Sony, Provident, WB Records, and Atlantic.

80. As a direct and proximate result of the infringements by the DeHaven / Team ONE Defendants, said Plaintiffs are entitled to damages and to the profits of the DeHaven / Team ONE Defendants, and each of them, in amounts to be proven at trial which are not currently ascertainable. Alternatively, said Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed (for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally), or in such other amount as may be proper under 17 U.S.C. § 504(c).

81. Plaintiffs UMG, Capitol, Sony, Provident, WB Records, and Atlantic are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

82. As a result of the DeHaven / Team ONE Defendants' acts and conduct, said Plaintiffs have sustained and, unless the DeHaven / Team ONE Defendants are enjoined and restrained by this Court, will sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Said Plaintiffs are entitled to an injunction enjoining further infringement of their copyrights by the DeHaven / Team ONE Defendants.

6557571.1

## COUNT III

### Direct, Contributory, and Vicarious Copyright Infringement

**(by Plaintiffs UMG, Capitol, Sony, Sony Latin, Elektra, and Warner Music Latina against the Vision Global Defendants, and DOES 11 through 15)**

83.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 60, inclusive.

84.     Plaintiffs UMG, Capitol, Sony, Sony Latin, Elektra, and Warner Music Latina own copyrights and/or exclusive rights in and to their Copyrighted Recordings, including but not limited to those identified in Exhibit 3, and possess the exclusive rights of reproduction, adaptation, distribution, and public performance by means of a digital audio transmission.  17 U.S.C. §§ 106 and 501.  Exhibit 3 is a non-exhaustive, representative list of infringing Amway-related videos that were created and/or uploaded by the Vision Global Defendants or, on information and belief, that are properly attributed to the Vision Global Defendants' downlines or BSM organization and for which the Vision Global Defendants are responsible and liable.

85.     As described herein and in Exhibit 3, the Vision Global Defendants, and each of them, have directly and/or indirectly infringed the copyrights of said Plaintiffs in the Copyrighted Recordings, in one or more of the manners described below, including without limitation by means of infringing videos uploaded to servers located in the United States, distributed, publicly performed, and/or made available from servers located in the United States, and distributed, publicly performed, and/or made available to others residing within the United States.

86.     The Vision Global Defendants have reproduced, adapted, distributed, and/or publicly performed the Copyrighted Recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

87.     Alternatively or in addition, the Vision Global Defendants are contributorily liable to said Plaintiffs for the infringement of their copyrights in the Copyrighted Recordings. The Vision Global Defendants have, with actual or constructive knowledge, or willful blindness,

23

materially contributed to unauthorized reproductions, adaptions, distributions, and/or public performances of said Copyrighted Recordings by their downline IBOs in their Amway Lines of Sponsorship, Lines of Affiliation, and/or others associated with the Vision Global organization or Amway, have encouraged and induced such infringing activity through the acts and conduct alleged herein, and have failed and refused to take simple measures to limit or curtail such infringing activity, such as by ceasing their own direct infringements, exercising their authority over downlines as high-level IBOs and BSM Suppliers, or discontinuing material support to direct infringers.

88.     Alternatively or in addition, the Vision Global Defendants are vicariously liable to said Plaintiffs for the infringements of their copyrights in the Copyrighted Recordings. The Vision Global Defendants had both the legal and practical right and ability to supervise and control the infringing conduct of their downline IBOs in the Amway Lines of Sponsorship, Lines of Affiliation, and/or Vision Global organization, including as set forth in Amway's Rules of Conduct and BSM policies, but have failed and refused to exercise such supervision and control to limit infringement to the extent required by law. As a direct and proximate result of such refusal, the downline IBOs of the Vision Global Defendants, and each of them, within the Amway Lines of Sponsorship, Lines of Affiliation, and/or the Vision Global organization have infringed the copyrights in the Copyrighted Recordings, including by reproducing, adapting, distributing, and/or publicly performing the Copyrighted Recordings. The Vision Global Defendants derive a direct financial benefit from this infringement, including but not limited to increased recruitment of IBOs, the sale of merchandise, and the increased brand recognition and user traffic resulting from the "draw" of Plaintiffs' Copyrighted Recordings.

89.     Each such infringement of the Copyrighted Recordings described above constitutes a separate and distinct act of infringement.

90.     The Vision Global Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs UMG, Capitol, Sony, Sony Latin, Elektra, and Warner Music Latina.

91.     As a direct and proximate result of the infringements by the Vision Global Defendants, said Plaintiffs are entitled to damages and to the profits of the Vision Global Defendants, and each of them, in amounts to be proven at trial which are not currently ascertainable.  Alternatively, said Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed (for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally), or in such other amount as may be proper under 17 U.S.C. § 504(c).

92.     Plaintiffs UMG, Capitol, Sony, Sony Latin, Elektra, and Warner Music Latina are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

93.     As a result of the Vision Global Defendants' acts and conduct, Said Plaintiffs have sustained and, unless the Vision Global Defendants are enjoined and restrained by this Court, will sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Said Plaintiffs are entitled to an injunction enjoining further infringement of their copyrights by the Vision Global Defendants.

## COUNT IV

### Direct, Contributory, and Vicarious Copyright Infringement

**(by Plaintiffs UMG, Capitol, and WB Records against the Braveberry Defendants, and DOES 16 through 20)**

94.     Plaintiffs incorporate by this reference each and every allegation contained in paragraphs 1 through 60, inclusive.

95.     Plaintiffs UMG, Capitol, and WB Records own copyrights and/or exclusive rights in and to their Copyrighted Recordings, including but not limited to those identified in Exhibit 4, and possess the exclusive rights of reproduction, adaptation, distribution, and public performance by means of a digital audio transmission.  17 U.S.C. §§ 106 and 501.  Exhibit 4 is a non-exhaustive, representative list of infringing Amway-related videos that were created and/or uploaded by the Braveberry Defendants or, on information and belief, that are properly attributed

25

to the Braveberry Defendants' downlines or BSM organization and for which the Braveberry

Defendants are responsible and liable.

96.     As described herein and in Exhibit 4, the Braveberry Defendants, and each of

them, have directly and/or indirectly infringed the copyrights of said Plaintiffs in the

Copyrighted Recordings, in one or more of the manners described below, including without

limitation by means of infringing videos uploaded to servers located in the United States,

distributed, publicly performed, and/or made available from servers located in the United States,

and distributed, publicly performed, and/or made available to others residing within the United

States.

97.     The Braveberry Defendants have reproduced, adapted, distributed, and/or publicly

performed the Copyrighted Recordings without authorization, in violation of the Copyright Act,

17 U.S.C. §§ 106 and 501.

98.     Alternatively or in addition, the Braveberry Defendants are contributorily liable to

said Plaintiffs for the infringement of their copyrights in the Copyrighted Recordings.  The

Braveberry Defendants have, with actual or constructive knowledge, or willful blindness,

materially contributed to unauthorized reproductions, adaptions, distributions, and/or public

performances of said Copyrighted Recordings by their downline IBOs in their Amway Lines of

Sponsorship, Lines of Affiliation, and/or others associated with the Braveberry organization or

Amway, have encouraged and induced such infringing activity through the acts and conduct

alleged herein, and have failed and refused to take simple measures to limit or curtail such

infringing activity, such as by ceasing their own direct infringements, exercising their authority

over downlines as high-level IBOs and BSM Suppliers, or discontinuing material support to

direct infringers.

99.     Alternatively or in addition, the Braveberry Defendants are vicariously liable to

said Plaintiffs for the infringements of their copyrights in the Copyrighted Recordings.  The

Braveberry Defendants had both the legal and practical right and ability to supervise and control

the infringing conduct of their downline IBOs in the Amway Lines of Sponsorship, Lines of

26

Affiliation, and/or Braveberry organization, including as set forth in Amway's Rules of Conduct and BSM policies, but have failed and refused to exercise such supervision and control to limit infringement to the extent required by law. As a direct and proximate result of such refusal, the downline IBOs of the Braveberry Defendants, and each of them, within the Amway Lines of Sponsorship, Lines of Affiliation, and/or the Braveberry organization have infringed the copyrights in the Copyrighted Recordings, including by reproducing, adapting, distributing, and/or publicly performing the Copyrighted Recordings. The Braveberry Defendants derive a direct financial benefit from this infringement, including but not limited to increased recruitment of IBOs, the sale of merchandise, and the increased brand recognition and user traffic resulting from the "draw" of Plaintiffs' Copyrighted Recordings.

100.    Each such infringement of the Copyrighted Recordings described above constitutes a separate and distinct act of infringement.

101.    The Braveberry Defendants' acts of infringement were willful, in disregard of, and with indifference to, the rights of Plaintiffs UMG, Capitol, and WB Records.

102.    As a direct and proximate result of the infringements by the Braveberry Defendants, said Plaintiffs are entitled to damages and to the profits of the Braveberry Defendants, and each of them, in amounts to be proven at trial which are not currently ascertainable. Alternatively, said Plaintiffs are entitled to maximum statutory damages of $150,000 for each copyright infringed (for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally), or in such other amount as may be proper under 17 U.S.C. § 504(c).

103.    Plaintiffs UMG, Capitol, and WB Records are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

104.    As a result of the Braveberry Defendants' acts and conduct, said Plaintiffs have sustained and, unless the Braveberry Defendants are enjoined and restrained by this Court, will sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at

law.  Said Plaintiffs are entitled to an injunction enjoining further infringement of their copyrights by the Braveberry Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, as follows:

1.      For profits and damages in such amount as may be determined; alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed (for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

2.      For injunctive relief enjoining Defendants, and each of them, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from:  (i) directly or indirectly infringing in any manner any of the Plaintiffs' respective copyrights (whether now in existence or hereafter created), including without limitation, the Copyrighted Recordings listed on Exhibits 1-4; and (ii) causing, contributing to, participating in, inducing, or enabling the infringement of any of Plaintiffs' respective copyrights, including without limitation, the Copyrighted Recordings listed on Exhibits 1-4.

3.      For prejudgment interest according to law.

4.      For Plaintiffs' attorneys' fees and full costs.

5.      For such other and further relief as the Court may deem proper under the circumstances.

6557571.1

DATED:  December 12, 2014

MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN, ESQ. (pro hac vice)
11377 W. Olympic Boulevard
Los Angeles, CA  90064
Telephone:  (310) 312-2000
Fax:           (310) 312-3100

and

GRAY ROBINSON, P.A.
KAREN STETSON
1221 Brickell Ave., Ste 1600
Miami, Florida 33131
Telephone:  (305) 416-6880
Fax:           (305) 416-6887


By:  /s/ Karen Stetson

Attorneys for Plaintiffs

29

6557571.1

## JURY DEMAND

Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Arista Music, Provident Label Group LLC, Warner Bros. Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., and Warner Music Latina Inc. demand a trial by jury.


DATED:  December 12, 2014       MITCHELL SILBERBERG & KNUPP LLP
RUSSELL J. FRACKMAN, ESQ. (pro hac vice)
11377 W. Olympic Boulevard
Los Angeles, CA  90064
Telephone:  (310) 312-2000
Fax:       (310) 312-3100

and

GRAY ROBINSON, P.A.
KAREN STETSON
1221 Brickell Ave., Ste 1600
Miami, Florida 33131
Telephone:  (305) 416-6880
Fax:       (305) 416-6887


By: /s/ Karen Stetson _____

Attorneys for Plaintiffs